Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin L. Perkins; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Select Portfolio Servicing, Inc., | (Jury Trial Demanded) |
| Defendant. | |

## Preliminary Statement

1.    On one or more occasions Defendant obtained the Plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunctive relief.

## Jurisdiction and Venue

2.    Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3.  Venue is proper in this District under 28 U.S.C. § 1391(b), and in that the Defendant's conduct complained of occurred in the District.

**Parties**

4.  Plaintiff is an individual who resides in Pima County, Arizona.

5.  Defendant Select Portfolio Servicing, Inc. is a Utah corporation doing business within the state of Arizona.

**Factual Allegations**

***The Impermissible Access***

6.  On August 21, 2014, Select Portfolio accessed or obtained a consumer report (hereinafter "credit report" or "consumer report") on Mr. Perkins from Trans Union, LLC, Equifax, and Experian, all three national consumer reporting agencies.

7.  Select Portfolio's stated purpose for requesting Mr. Perkins' credit report from Trans Union was "To Acquire/Service/Insure Account."

8.  Select Portfolio's stated purpose for requesting Mr. Perkins' credit report from Experian was "Account Review."

9.  Select Portfolio's stated purpose for requesting Mr. Perkins' credit report from Equifax was "Account Review."

10. The account Select Portfolio was "reviewing" or "servicing" was included in a Chapter 7 bankruptcy case filed June 28, 2010, and discharged on February 6, 2011.

11. At the time of the inquiries, Mr. Perkins had no active or open accounts with Select Portfolio to review.

12. Select Portfolio was notified of Mr. Perkins' bankruptcy filing by the predecessor servicer or bank, or by the bankruptcy court.

- 2 -

13. Select Portfolio was notified of Mr. Perkins' bankruptcy discharge by the predecessor servicer or bank, or the bankruptcy court.

14. Select Portfolio did not have a permissible purpose for making the credit report inquiries on August 21, 2014.

15. At the time Select Portfolio made its inquiries, Select Portfolio knew that the account it was attempting to collect or service had been included in and discharged in Mr. Perkins' bankruptcy.

16. At the time Select Portfolio made its inquiries, Select Portfolio should have known that the account it was attempting to collect or service had been included in and discharged in Mr. Perkins' Chapter 7 bankruptcy.

17. At the time Select Portfolio made its inquiries, Select Portfolio knew that its stated purpose of "Account Review" for obtaining Mr. Perkins' credit reports was false.

18. At the time Select Portfolio made its inquiries, Select Portfolio knew that it did not have a permissible purpose to access Mr. Perkins' credit reports.

19. Upon information and belief, at the time Select Portfolio obtained Plaintiff's credit reports on August 21, 2014, Select Portfolio had a policy of regularly ignoring the bankruptcy discharge of consumers and regularly obtained credit reports under the guise of an "account review."

### Other Impermissible Accesses

20. Upon information and belief, Select Portfolio accessed Mr. Perkins' consumer reports three or more times between February 25, 2012 and February 24, 2015 without a permissible purpose.

## Count I.   Violation of FCRA

### *Obtaining Consumer Report by Use of False Pretenses*

21.     Plaintiff incorporates the preceding paragraphs.

22.     Select Portfolio knowingly and willfully used deception and false pretenses to obtain Mr. Perkins' consumer reports, by falsely representing or certifying that the report was being obtained for a permissible purpose.

23.     Select Portfolio's conduct in obtaining Mr. Perkins' credit report under false pretenses violates 15 U.S.C. §1681q.

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Select Portfolio as follows:

        a.     pursuant to 15 U.S.C. § 1681n(a)(1)(B), award him actual damages, or $1,000 for each access of his credit report obtained by false pretenses, whichever is greater;

        b.     pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

        c.     pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

        d.     grant such other and further relief as the court deems just and proper.

## Count II.   Violation of FCRA

### *Knowingly Obtaining Consumer Report Without a Permissible Purpose*

20.     Plaintiff incorporates the preceding paragraphs.

21.     Select Portfolio acted knowingly in requesting  and obtaining Mr. Perkins' credit reports without a permissible purpose.

22.    Select Portfolio's conduct in knowingly obtaining Mr. Perkins' credit report without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Select Portfolio as follows:

    a.    pursuant to 15 U.S.C. § 1681n(a) (1) (A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

    b.    pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

    c.    pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

    d.    grant such other and further relief as the court deems just and proper.

## Count III.   Violation of FCRA

### *Willfully Obtaining Consumer Report Without a Permissible Purpose*

23.    Plaintiff incorporates the preceding paragraphs.

24.    Select Portfolio acted willfully in requesting and obtaining Mr. Perkins' credit reports without a permissible purpose.

25.    Select Portfolio's conduct in willfully obtaining Mr. Perkins' credit reports without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Select Portfolio as follows:

a.   pursuant to 15 U.S.C. § 1681n(a) (1) (A), award him actual
     damages, or not less than $100 and not more than $1,000 for
     each impermissible access of his credit report, whichever is
     greater;

b.   pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive dam-
     ages as the Court deems appropriate;

c.   pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action
     and reasonable attorney fees; and

d.   grant such other and further relief as the court deems just and
     proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.


RESPECTFULLY SUBMITTED:   February 24, 2015  .


          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff